UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

LEO KELLY, <u>et al.</u>                             )
                                                   )
                                                   )
               Plaintiffs,                         )
                                                   )
        v.                                         )     No. 1:07CV1601(RBW)
                                                   )
EVELYN UPCHURCH, Director, Texas                   )
Service Center, U.S. Department of                 )
Homeland Security, <u>et al.</u>                    )
                                                   )
               Defendants.                         )
_____)

**REPLY IN SUPPORT OF DEFENDANTS' ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT**

Defendants have processed Plaintiffs' applications for adjustment of status at a

reasonable pace given the circumstances of this case, and the fact that Plaintiffs filed their

applications in 2004 does not compel a contrary conclusion. United States Citizenship and

Immigration Services ("USCIS") has begun its adjudication of the applications, but has

determined that national security interests require that it await the results of the security

investigation and name checks commenced in connection with their applications. <u>See</u> Dkt.

Entries 2, 6, 8. USCIS requested that the FBI perform name checks, and the FBI has not yet

completed that check with respect to Plaintiff Leo Kelly. <u>See</u> Declaration of Michael Cannon,

¶ 41 (Exh. 2 to Dkt. Entry 2) ("Cannon Decl."); Declaration of Robert D. Meyer, ¶¶ 18-19 (Exh.

1 to Dkt. Entry 8) ("Meyer Decl."). Defendants have moved that Plaintiffs' complaint be

dismissed for lack of subject matter jurisdiction, because the adjudicatory process which

Plaintiffs challenge rests within the discretion of USCIS, and courts lack jurisdiction to dictate

the pace at which the FBI completes its name checks. <u>See</u> Dkt. Entries 2, 6. However, if the

Court denies that motion, summary judgment should be awarded to Defendants for the reasons

set forth in Defendants' motion for summary judgment and opposition to Plaintiffs' summary

judgment motion.  See Dkt. Entries 8, 9.

The testimony submitted by Michael Cannon rebuts Plaintiffs' conclusory assertion that

nothing has been done concerning the name check and security investigation.  Mr. Cannon has

testified that the FBI "is performing its check."  See Cannon Decl. ¶ 41.  Plaintiffs concede that

they have a common name.  See Dkt. Entry at 25.  Processing name checks for individuals with

common names typically take longer than other name checks, as individuals with common

names often have more than two hundred "hits," i.e., possible matches with a name in an FBI

record.  See Cannon Decl. ¶¶ 27-28.  Moreover, name checks in general have been delayed due

to the volume of name check requests that the FBI has received.  See id. ¶ 26.

Plaintiffs mistakenly contend that Defendants' disclosure of more specific information

concerning the reasons that Mr. Kelly's name check has not yet cleared would not implicate

national security concerns.  In the name check process, the applicant's name, social security

number, and date of birth are checked against FBI databases which list the names and other

identifying information of people who are being investigated or whose names appear as part of

an FBI investigation.  See Cannon Decl. ¶ 11.  Thus, a "hit" would occur if Plaintiff Leo Kelly is

under investigation by the FBI for criminal and terrorist activities, or if he is an associate,

witness, conspirator, or otherwise referenced in the file of a person being investigated.  See id.

The FBI cannot disclose the number of hits, if any, that were generated upon initiating Plaintiff's

name check without compromising its investigations and the law enforcement information

maintained in its files, or potentially releasing sensitive information concerning uninvolved third

parties.  Nor can Defendants provide specific facts concerning Plaintiff's repeated assertion that

he is "not under investigation" and that his presence in the United States does not pose a threat to national security.

Finally, although Plaintiffs continue to rely heavily on Liu v. Chertoff, 509 F. Supp. 2d 1 (D.D.C. 2007),[1] they fail to acknowledge the D.C. Circuit's admonition that courts should not "grant relief, even when all the other factors considered in TRAC favored it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003); see also In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991). This is precisely such a case, given the thousands of other applicants whose adjustment of status applications also remain pending due to name checks. Unlike Liu, Mashpee Wampanoag Tribal Council, Inc. is binding upon this Court, and requires that summary judgment be granted in favor of Defendants.

---

[1] In Liu, Defendants did not submit the detailed Cannon declaration submitted in this case, which explains the name check process, the volume of name check requests, and the efforts the FBI has taken to improve the speed at which it completes those name checks. See No. 07-263 (EGS) at Dkt. Entries 5, 11. District Judge Sullivan also did not have before him the TRAC analysis which Defendants have submitted in this case. See Liu, 509 F. Supp. 2d at 10.

**CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Motion to Dismiss,

Defendants respectfully request that the Court DENY Plaintiffs' Motion for Summary Judgment

and GRANT Defendants' motion to dismiss, or in the alternative, GRANT Defendants' motion

for summary judgment, or, in the alternative, TRANSFER this case to the Northern District of

Texas.

Dated:  January 22, 2008                          Respectfully submitted,


            /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


            /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


           /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar. # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198 Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov